UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BOB L. DENHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:23-cv-00560-JMS-MG |
| | ) | |
| AMCOR FLEXIBLE NORTH AMERICA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING SERVICE OF PROCESS

Pending before the Court are *pro se* Plaintiff Bob L. Denham's Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 6]. This Order first addresses Mr. Denham's Motion for Leave to Proceed *In Forma Pauperis*, then screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directs service of process.

## I.
### MOTIONS TO PROCEED *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Denham's first Motion for Leave to Proceed *In Forma Pauperis* left the Court unable to determine whether he is capable of paying the filing fee, so the Court required him to file a new one. [Filing No. 2; Filing No. 5.] He did so. [Filing No. 6.] Mr. Denham's Second Motion to Proceed *In Forma Pauperis*, [6], meets the above standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104

1

F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $405 filing fee includes a $55 administrative fee, but that the administrative fee "does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

**A. Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. The Complaint

Mr. Denham sets forth the following allegations in his Complaint, [Filing No. 1], and in an additional document attached to his Complaint that totals 102 pages,[1] [Filing No. 1-1], which the Court must accept as true at this time:

Mr. Denham is Black and began working for Defendant Amcor Flexible North America ("Amcor") in September 2022. [Filing No. 1 at 6; Filing No. 1-1 at 7.] While at work, Mr. Denham's coworkers referred to him using racial slurs like "Black Motherfucker" and "Nigger." [Filing No. 1 at 6.] One coworker stated "that his father and his sister [were] a part of the world famous white supremacy hate group[] called 'The Aryan Nation.'" [Filing No. 1-1 at 2 (emphases omitted).] Mr. Denham reported the slurs to Amcor's Human Resources Department, but nothing happened to the perpetrators. [Filing No. 1 at 6.]

Mr. Denham's "health started to get worse" from "worrying and being stressed out by what was going on towards [him] at work almost every day." [Filing No. 1 at 6.] He began to experience "super high pulse rates[,] sugar levels out of whack[,] and extremely high blood pressure." [Filing No. 1-1 at 4.] His doctor "put [him] on a restriction" of "light duty taking two to three extra [breaks] at a time as needed and was able to leave work if [he] was [not] feeling well." [Filing No. 1 at 6; Filing No. 1-1 at 5.]

One of Mr. Denham's coworkers, named Rust or Russell, also directly threatened "to beat [him] up and to take [him] out." [Filing No. 1-1 at 2-3.] The following day, Mr. Denham met

---

[1] Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Mr. Denham's 102-page Complaint does not meet this standard. However, the Court is mindful that Federal Rule of Civil Procedure 10(c) provides that a written instrument that is attached as an exhibit to a pleading is "part of the pleading for all purposes" and that *pro se* complaints are construed liberally. *Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020) (citation omitted). With that in mind, the Court does its best to screen Mr. Denham's Complaint.

3

with Defendant Brodie Mitchell, a "supervisor manager," to discuss the incident. [Filing No. 1-1 at 4.] Mr. Mitchell told Mr. Denham that it "was all new to him," to not worry about it, that he was sorry it happened, and that he was aware of the doctor's note. [Filing No. 1-1 at 4.] Mr. Mitchell also told him that Amcor does not "tolerate that kind of behavior" and that Amcor would "fairly investigate the entire situation" in the next few days while Mr. Denham was off work. [Filing No. 1-1 at 4.]

After Mr. Denham's days off, he returned to Amcor and was called to a meeting with Defendants Brian Griffey and Joe Frye, both of whom are supervisors, and a third supervisor who is not named as a Defendant. [Filing No. 1-1 at 4.] The supervisors gave Mr. Denham a sixty-day evaluation sheet indicating that he was failing in every category and told him that he was not getting along with the other employees, "which was another red flag." [Filing No. 1-1 at 4.] Mr. Denham was confused by the evaluation because he had not yet been employed for a full sixty days and refused to sign it because he "work[ed] [his] tail off" and disagreed with the conclusions. [Filing No. 1-1 at 4.]

After his refusal to sign, Amcor presented him with another paper that indicated that he was being fired for being late, which he also refused to sign. [Filing No. 1-1 at 4.] Mr. Denham explained that he provided Amcor with doctor's notes that covered for his tardiness. [Filing No. 1-1 at 4.] Mr. Denham was fired and escorted out. [Filing No. 1-1 at 4-5.]

In his Complaint, Mr. Denham asserts that he was wrongfully terminated due to his race and disability. [Filing No. 1 at 3.] He names seven Defendants: Amcor, Gene Godare, Brian Rider, Mr. Frye, Mr. Griffey, "Chrissy the Nurse," and Mr. Mitchell. [Filing No. 1 at 4-5.] He attaches several exhibits to his Complaint, including documents related to a Charge of Discrimination that Mr. Denham filed with the Indiana Civil Rights Commission ("ICRC") and

the Equal Employment Opportunity Commission ("EEOC"), doctor's notes, an internal complaint he filed with Amcor, and a Notice of Right to Sue Letter from the EEOC. [Filing No. 1-1.]

Mr. Denham does not allege a statutory basis for his claims in his Complaint. [*See* Filing No. 1.] However, in his Complaint of Discrimination filed with the IRCR and the EEOC, he does allege that Amcor violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"). [Filing No. 1-1 at 7.] The Court therefore surmises that both statutes form the basis of the claims in his Complaint.

### C. Discussion

#### 1. *Title VII Claim*

Title VII prohibits an employer from discriminating against any individual with respect to his or her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute applies only to "employers"; it is well established that Title VII claims cannot be brought against individuals in their individual capacity. *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995) (holding that there is no individual liability under Title VII and stating that "[b]ecause a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, [the plaintiff] can state no set of facts which would enable [him] to recover under the statute"). Therefore, to the extent that Mr. Denham intends to assert Title VII claims against Mr. Godare, Mr. Rider, Mr. Frye, Mr. Griffey, Chrissy the Nurse, and Mr. Mitchell, those claims are **DISMISSED**.

As to whether Mr. Denham sufficiently alleges a Title VII claim against Amcor, courts in this Circuit apply a "minimal pleading standard for simple claims of race or sex discrimination." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "To survive screening . . . a plaintiff

need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to [his] protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (emphasis omitted).

Mr. Denham's Complaint meets this standard. He alleges that he is Black, that he was given a sixty-day evaluation even though he had not yet been employed for sixty days, that he was subject to racial slurs, and that he was actually terminated due to his race, not because he was late. [Filing No. 1 at 6; Filing No. 1-1 at 1-7.] Based on these facts and allegations, Mr. Denham's claim is plausible. Accordingly, his Title VII claim for race discrimination against Amcor **SHALL PROCEED**.

      2. *ADA Claim*

The ADA prohibits employers from discriminating against qualified individuals on the basis of a disability. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 179 (2012). Like Title VII, the ADA provides only for "employer" liability; there is no liability against individual employees or supervisors. *AIC Sec. Investigations, Ltd.*, 55 F.3d at 1282. Therefore, to the extent that Mr. Denham intends to assert ADA claims against Mr. Godare, Mr. Rider, Mr. Frye, Mr. Griffey, Chrissy the Nurse, and Mr. Mitchell, those claims are **DISMISSED**.

As to stating an ADA claim against Amcor, Mr. Denham must allege that: "(1) he is 'disabled'; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (quotation and citation omitted). "Disability" means "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C)

being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" includes but is not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communication, and working" and "the operation of a major bodily function." *Id.* § 12102(2). "[W]hether an impairment substantially limits a major life activity is 'not meant to be a demanding standard,' and 'shall be construed broadly in favor of expansive coverage.'" *Frazier-Hill v. Chicago Transit Auth.*, 75 F.4th 797, 803 (7th Cir. 2023) (quoting 29 C.F.R. § 1630.2(j)(1)(i)).

Mr. Denham plausibly alleges an ADA claim against Amcor. He alleges that he suffered from "extreme high blood pressure," which can be a covered disability when it substantially impairs a major life activity, like work. *See, e.g., Gogos*, 737 F.3d at 1173 (plaintiff's episode of "very high blood pressure" was a covered disability when it substantially impaired a major life activity). In the exhibits attached to his Complaint, which the Court considers as part of the pleadings under Rule 10(c), he indicates that he was meeting Amcor's legitimate business expectations. [Filing No. 1-1 at 87.] He also alleges that he was terminated because of disability. [Filing No. 1 at 3.] Accordingly, his ADA claim for disability discrimination against Amcor **SHALL PROCEED**.

### III.
#### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Mr. Denham's second Motion for Leave to Proceed *In Forma Pauperis*, [6], is **GRANTED**.

7

2. At this time, the Court has not determined that the action must be dismissed pursuant to 28 U.S.C. § 1915(e), and therefore, the action **SHALL PROCEED** as to Mr. Denham's claims for:
    a. race discrimination under Title VII against Amcor; and
    b. disability discrimination under the ADA against Amcor.

3. Mr. Denham's race discrimination claims under Title VII and disability discrimination claims under the ADA against Mr. Godare, Mr. Rider, Mr. Frye, Mr. Griffey, Chrissy the Nurse, and Mr. Mitchell are **DISMISSED WITH PREJUDICE**.[2]

4. If Mr. Denham believes that his Complaint contains additional viable claims, he has through **January 31, 2024** to identify those claims.

5. Because Mr. Denham is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service. Accordingly, the Clerk is **DESIGNATED** pursuant to Rule 4(c)(3) to issue process to Defendant Amcor in the manner specified by Rule 4(d). Process shall consist of the Complaint, [Filing No. 1], and its exhibit, [Filing No. 1-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

This ruling is without prejudice to the filing of a proper Rule 12 motion. No partial final judgment shall issue.

Date: 1/8/2024

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Bob L. Denham
P.O. Box 2062
Terre Haute, IN 47802

Amcor Flexible North America, Inc.
C/o Corporation Service Company, Registered Agent
135 North Pennsylvania Street
Suite 1610
Indianapolis, IN 46204

---

[2] The Court finds that dismissal with prejudice is appropriate because Mr. Denham would not be able to cure the deficiency the Court has identified. See *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile.").